# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Linens Holding Co., *et al.*,[1] | : | Case No. 08-10832 (CSS) |
| Debtors. | : | Substantively Consolidated |
| | : | |
| Charles M. Forman, Chapter 7 Trustee for the estate of Linens Holdings Co., *et al.*, | : | |
| Plaintiffs, | : | Adv. Pro. Nos.: |
| v. | : | |
| Apache Mills, Inc. | : | 11-51726 (CSS) |
| Barbantia USA | : | 11-51727 (CSS) |
| Ben Kaufman Sales Inc. d/b/a Kaufman Sales | : | 11-51732 (CSS) |
| Gibson Overseas, Inc. | : | 11-51728 (CSS) |
| GTT International, Inc. | : | 11-51729 (CSS) |
| India Ink, Inc. | : | 11-51730 (CSS) |
| Jumpin' Banana, LLC | : | 11-51731 (CSS) |
| Layton Home Fashions, Inc d/b/a Newport/Layton Home Fashions | : | 11-51733 (CSS) |
| O.W. Holdings, Inc. - U.S.A. f/k/a Oriental Weavers of America | : | 11-51735 (CSS) |
| Organize It-All, Inc. | : | 11-51734 (CSS) |
| Rockland Industries, Inc. | : | 11-51736 (CSS) |
| SG Footwear/Messer Group, Inc. | : | 11-51737 (CSS) |
| Stylemaster Fabrics, Inc. | : | 11-51738 (CSS) |
| The CIT Group/Commercial Services, Inc. | : | 11-51742 (CSS) |
| The Hammock Source | : | 11-51739 (CSS) |
| The Pomeroy Collection, Ltd. | : | 11-51740 (CSS) |
| Wire World of America, Inc. | : | 11-51741 (CSS) |
| Defendants. | : | |

## SCHEDULING ORDER

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479). The Debtors' respective estates have been substantively consolidated, and are collectively referred to herein as the "Debtors."

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED THAT:**

1. The above-captioned plaintiff (the "Plaintiff") and defendants (each a "Defendant" and, together with Plaintiff, the "Parties") are deemed to have completed the discovery planning conference described in Fed. R. Civ. P. 26(f).

2. Each Defendant and Plaintiff shall exchange their initial disclosures under Fed. R. Civ. P. 26(a)(1), made applicable by Fed. R. Bankr. P. 7026, by no later than June 13, 2011.

3. Written fact discovery (i.e., requests for the production of documents, interrogatories and requests for admission) may be served from and after June 13, 2011, and shall be initiated so as to be completed by January 31, 2012. Pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) and 36(a)(3), made applicable by Fed. R. Bankr. P. 7026, the Parties' time to respond to written fact discovery is enlarged to 45 days after service of the written fact discovery.

4. Mediation shall be conducted pursuant to the Court's *General Order Regarding Procedures in Adversary Proceedings* entered by the Honorable Mary F. Walrath on April 7, 2004 (as amended by general order entered on April 11, 2005) and as provided herein. On or prior to September 1, 2011, the Parties shall file a stipulation regarding appointment of a mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding. All mediations shall be concluded by January 31, 2012.

5. Fact depositions may be noticed for a date on or after January 31, 2012, and shall be noticed so as to be concluded by April 30, 2012.

6. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, by April 30, 2012. If any Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by April 30, 2012. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by May 31, 2012. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by June 15, 2012.

7. All dispositive motions shall be filed and served by June 30, 2012, and shall be subject to Rule 7007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

8. The Court will hold a status conference at a date and time to be determined, at which time the Court will consider (among other things) scheduling a pretrial conference(s) and/or trial date(s) for these proceedings.

9. The Parties shall comply with the *General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Christopher S. Sontchi*. The Parties shall file, no later than three (3) days prior to the date for (i) pre-trial conference (if one is scheduled) or (ii) trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's chambers.

10. Plaintiff shall notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding and in accordance with the Court's *Order Establishing Procedures For The Settlement Of Certain Claims* [D.I. 4150]. Plaintiff also shall file a status report every forty-five (45) days after the date of this scheduling order, and thirty (30), twenty (20) and ten

(10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

11. Deadlines contained in this Scheduling Order may be modified either by Stipulation of the Parties without further order of the Court or by the Court for good cause shown.

12. Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: May 16, 2011

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge